# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MONIQUE PARKER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PARALLAX MANAGEMENT CORP. d/b/a POLEKATZ NWI,<br><br>    Defendant. | CASE NO. _____ |

## COLLECTIVE ACTION COMPLAINT

**I.    INTRODUCTION**

1. Plaintiff Monique Parker brings this action on behalf of herself and other exotic dancers who have worked at Parallax Management Corp. d/b/a Polekatz Northwest Indiana ("Polekatz NWI"), an adult entertainment strip club located at 9148 Melton Rd, Gary, Indiana. As described further below, Polekatz NWI has misclassified its exotic dancers as independent contractors rather than employees under federal law. Dancers are paid only by receiving tips from customers, which they are required to pay back in part to the club, as well as to share with other individuals who are not eligible to share in a tip pool.

2. Plaintiff brings this action on her own behalf, and on behalf of other Polekatz NWI dancers who may choose to opt-in to this case, for not paying minimum wage as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and for taking a portion of the dancers' tips and allowing and requiring dancers to share their tips with

1

individuals not eligible to share in a tip pool.

3. Plaintiff also brings this action on behalf of herself and a class of other similarly situated Polekatz NWI exotic dancers, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violating various provisions of Indiana state wage law including: (1) the Indiana Minimum Wage Law ("IMWL"), I.C. 22-2-2-4, by failing to pay dancers the required state minimum wage; (2) the Indiana Wage Deductions Statute ("IWDS"), I.C. 22-2-6, by taking deductions from dancers' pay; and (3) the Indiana Wage Payment Statute ("IWPS"), I.C. 22-2-5-2, for underpaying wages owed to dancers.

## II. PARTIES

4. Plaintiff Monique Parker is an adult resident of Hazel Crest, Illinois. She worked at Polekatz NWI as an exotic dancer from approximately November 2020 until the present.

5. Defendant Parallax Management Corp. d/b/a Polekatz NWI is an Indiana corporation with its principal place of business at 9148 Melton Rd, Gary, Indiana.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

7. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's supplemental state law claims, which are brought pursuant to the laws of the State of Indiana, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant Parallax Management Corp. dba Polekatz NWI is located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiff's claims were committed within

this judicial district.

### IV. STATEMENT OF FACTS

9. Polekatz NWI has misclassified its exotic dancers as independent contractors, when in reality they are employees.

10. Polekatz NWI has exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on the club's premises, including how much they can receive for private dances and sessions, and how they can interact with customers. For instance, on certain nights (typically Tuesdays and Sundays), Defendant requires dancers to participate in discounted "two-for-one" private dance promotions in which dances are offered at half price.

11. During the evening shift (from 7 pm to 3 am), dancers must participate in the stage rotation and must dance on stage for three songs at a time. Dancers are not permitted to use their phones while out on the floor of the club. Dancers must also wear pasties and two pairs of underwear and have recently been required to start wearing a skirt or dress to comply with Defendant's mandatory dress code.

12. Additionally, the dancers have no control over the customer volume, advertising, or atmosphere at the club, which is controlled entirely by Defendant.

13. Defendant retains the power to hire and fire the exotic dancers and has disciplined or threatened to discipline dancers who do not comply with Defendant's requirements or who break the rules.

14. At all relevant times, Polekatz NWI dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendant for a substantial portion of their earnings.

15. In addition, Polekatz NWI is in the business of providing adult entertainment to its patrons. Thus, the dancers clearly perform services in the usual course of Defendant's business, and without the dancers, Polekatz NWI would have no business, such that the dancers' work is integral to Defendant's business.

16. At all times relevant to this Complaint, Defendant has treated Plaintiff and other dancers in a substantially similar manner with respect to their policies and practices.

17. At all relevant times, the federal minimum wage has been $7.25 per hour.

18. Defendant did not pay the exotic dancers who have worked at Polekatz NWI the prevailing federal minimum wage.

19. The exotic dancers who have worked at Polekatz NWI receive compensation only in the form of gratuities from patrons, paid for dancing on stage, performing private dances, or dancing in the Champagne Room.

20. In order to perform their job, the dancers have been required to pay "house fees" to Polekatz NWI in an amount between $20 and $75 for every shift, depending on what time they arrive. Defendant unilaterally determines how much Plaintiff and other dancers must pay in order to work and has agreed to waive house fees if dancers arrive before noon for their shift, when customer volume is low.

21. Plaintiff and other dancers have also been required to share their tips with managers and non-service employees or agents of Polekatz NWI, such as "house moms" and disc jockeys.

22. Defendant sets the maximum prices for private dances and for time spent in the Champagne Room. Plaintiff and other dancers have also been required to share a portion of all tips received for private dances and time spent with customers in the Champagne Room with the

4

club.

23. Further, when Defendant's customers pay with a credit card, they are issued "funny money" to use when tipping the dancers. Plaintiff and other dancers must pay 10% of all tips back to the club whenever a customer pays with "funny money" rather than actual currency.

## V. CLASS AND COLLECTIVE ALLEGATIONS

24. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as an exotic dancer at Polekatz NWI at any time between three years prior to the filing of this lawsuit and the entry of judgment in this case, who may choose to "opt-in" to join this lawsuit.

25. Plaintiff attaches as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

26. Plaintiff also brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure under the IMWL and IWDS, on behalf of all individuals who currently work as exotic dancers, or previously worked as exotic dancers, at Polekatz NWI at any time between three (3) years prior to the filing of this lawsuit and the entry of judgment in this case.

27. Additionally, Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure under the IWPS, on behalf of all individuals who currently work as exotic dancers at Polekatz NWI, or previously worked as exotic dancers at Polekatz NWI and voluntarily separated, at any time between three (3) years prior to the filing of this lawsuit and the entry of judgment in this case.

28. This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

a. The proposed class is so numerous that joinder of all individual members in this action is impracticable.

b. There are questions of law and/or fact common to the members of the proposed class regarding; (1) Polekatz NWI's conduct in classifying exotic dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work, and (3) effectively making illegal deductions from their wages by keeping a percentage of the dancers' tips that are paid by customers with the club's "funny money," and uniformly requiring dancers to pay a portion of their tips to the Defendant and to managers and other non-service employees.

c. The claims of Plaintiff are typical of the claims of the proposed class and she has the same interests as the other members of the class; and

d. Plaintiff will fairly and adequately protect the interests of the class as she has retained able counsel experienced in class action litigation, and her interests are coincident with, and not antagonistic to, the interests of the other class members.

29. In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
**Failure to Pay Minimum Wage in Violation of the FLSA**

30. Defendant Polekatz NWI is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. §203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce as it is an enterprise whose employees engage in commerce, including entertainment as well as the sale of food and non-alcoholic beverages.

31. Plaintiff and the members of the proposed collective are employees of Defendant for purposes of the Fair Labor Standards Act during all times relevant to this Complaint. Defendant has failed to pay Plaintiff and the members of the proposed collective an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

32. Further, Defendant is not permitted to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because it did not provide the required notice to the dancers in order to take the tip credit and because the dancers have not been allowed to retain all tips they have received, but instead have been required to share their tips with management and with other employees or agents of Defendant who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law.

33. Plaintiff and the members of the proposed collective are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendant to compensate Plaintiff and the members of the collective at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendant knew or should have known that Plaintiff and the other dancers, performing the same job functions, were being improperly misclassified as independent contractors given the wealth

7

of case law that has concluded that similarly situated exotic dancers are employees of the clubs for which they work.

34. Plaintiff and the members of the proposed collective are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Minimum Wages in Violation of the Indiana Minimum Wage Law

35. At all times relevant herein, Plaintiff and the members of the proposed class were employed by Defendant as "employees" under IMWL, I.C. 22-2-2-3.

36. At all relevant times, Defendant was an "employer" under IMWL, I.C. 22-2-2-3.

37. Pursuant to I.C. 22-2-2-4, Plaintiff and the other members of the proposed class were entitled to be compensated at the applicable State minimum wage rate of $7.25 for all hours worked.

38. Plaintiff and the members of the proposed class were underpaid wages because they were not paid the minimum wage under the IMWL.

39. Defendant acted in bad faith by failing to ensure that its exotic dancers receive the Indiana state minimum wage. This claim is brought on behalf of all dancers who currently work at Polekatz NWI, or worked at Polekatz NWI in the last three years prior to the date of filing of this Complaint until the date of judgment in this action.

40. Plaintiff and the members of the proposed class are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the IMWL.

## COUNT III
### Deductions in Violation of the Indiana Wage Deduction Statute

41. Plaintiff and the members of the proposed class are "employees" of Defendant as defined in IC 22-2-6 and are not free from the control and direction of Defendant.

42. Defendant has unlawfully withheld monies from the compensation earned by Plaintiff and the members of the proposed class, including but not limited to, 10% of all tips whenever a customer pays with "funny money" rather than actual currency, in violation of IC 22-2-6.

43. Plaintiff and the members of the proposed class have not expressly and freely given written consent to such deductions, and these deductions are not made in response to a valid wage assignment or deduction order.

44. This claim is brought on behalf of all dancers who currently work at Polekatz NWI, or worked at Polekatz NWI in the last three years prior to the date of filing of this Complaint until the date of judgment in this action.

## COUNT IV
**Underpayment of Wages in Violation of the Indiana Wage Payment Statute**

45. At all relevant times, Plaintiff and the members of the proposed class were "employees" of Defendant under the IWPS.

46. At all relevant times, Defendant was an employer of Plaintiff and the members of the proposed class under the IWPS.

47. Defendant has violated the IWPS, by misclassifying its exotic dancers as independent contractors, and underpaying wages to them. Specifically, Defendant underpaid wages by among other ways: (a) failing to pay its exotic dancers the minimum wage, (b) requiring exotic dancers to pay fees in order to perform their jobs, (c) keeping a portion of exotic dancers' tips at the time they exchange the Club's "funny money" for U.S. currency, and (d)

requiring exotic dancers to make payments to other individuals (such as "house moms," disc jockeys, and security).

48. Defendant acted in bad faith by failing to pay Plaintiff and the members of the proposed class all wages owed to them.

49. Pursuant to I.C. 22-2-5-2, Plaintiff and the members of the proposed class are entitled to payment of all underpaid wages, illegally deducted wages, plus liquidated damages in an amount equal to double the amount of wages owed.

50. This claim is brought on behalf of all dancers who currently work as exotic dancers at Polekatz NWI, or previously worked as exotic dancers at Polekatz NWI and voluntarily separated, at any time between three (3) years prior to the filing of this lawsuit and the entry of judgment in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a. An order authorizing the sending of appropriate notice to current and former exotic dancers of Defendant Polekatz NWI who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA, and has deprived Plaintiff and the members of the collective of their rights to such compensation;

c. A declaratory judgment that the plaintiff and collective/class members are employees, not independent contractors under the FLSA, IMWL, IWDS, and IWPS;

d. Certification of a class pursuant to Fed. R. Civ. P. 23;

e. An order requiring Defendant to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class are entitled;

f. An award of monetary damages to Plaintiff and members of the collective in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

g. An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the IMWL;

h. An award of monetary damages to Plaintiff and members of the class in the form of back pay for illegal deductions under the IWDS;

i. An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid wages, together with liquidated damages in an amount equal to double the unpaid wages under the IWPS;

j. Attorneys' fees and costs;

k. An award of prejudgment interest, if available; and

l. Such further relief as the Court deems just and proper.

        Respectfully submitted,

        MONIQUE PARKER, individually and on behalf
        of all others similarly situated,

        By their attorneys,

        *s/ Anastasia Pavich*
        Anastasia Pavich (SBN 25373-45)
        PAVICH LAW GROUP P.C.
        30 W. Monroe St. Suite 1310
        Chicago, IL 60603
        Tel. (312) 690-8400

Email: apavich@pavichlawgroup.com

Bradley Manewith *pro hac vice anticipated*
Adelaide H. Pagano *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 993-5801
Email:  bmanewith@llrlaw.com
         apagano@llrlaw.com

Dated:   February 28, 2023